**In re: Paul C. WRIGHT, Debtor,**

**Paul C. Wright, Appellant,**

v.

**USA Treasury Department, Internal Revenue Service Division, Appellee.**

No. 00–16496.

D.C. No. CV–00–00391–CW.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2001 *.

Decided Dec. 11, 2001.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, RYMER and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Pursuant to 11 U.S.C. § 523(a)(1)(B), a tax liability is not discharged if "(1) the tax underlying the tax liability debt required a return; and (2) the debtor failed to file the required return." *In re Hatton*, 220 F.3d 1057, 1060 (9th Cir.2000), (quoting *In re Jackson*, 184 F.3d 1046, 1050 (9th Cir.1999)). Wright was required to file returns for the years in question but did not do so. Wright argues that he effectively filed tax returns pursuant to 11 U.S.C. § 253(a)(1)(B) when IRS agents obtained prepared, unsigned returns with a subpoena and interviewed Wright under oath in the context of a criminal prosecution for willful failure to file tax returns. A document qualifies as a return if: (1) it purports to be a return, (2) is executed by the taxpayer under penalty of perjury, (3) contains sufficient data to allow calculation of tax, and (4) represents "an honest and reasonable attempt to satisfy the requirements of the tax law." *Hatton*, 220 F.3d at 1060–61 (quoting *In re Hindenlang*, 164 F.3d 1029, 1033 (6th Cir. 1999)).

The returns were not executed by Wright under penalty of perjury or otherwise. The oral oath administered in connection with the criminal investigation interview, and the interview itself, are not the equivalent of a signed tax form executed under penalty of perjury. The oath and the interview did not allow the IRS to immediately assess tax liability. Rather, the IRS had to proceed by way of substitute tax returns and notices of deficiencies. The unsigned returns are therefore not

** This disposition is not appropriate for publication and may not be cited to or by the

sufficient under *Hatton* to constitute a return. *Id.* at 1061.

AFFIRMED.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.